## EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **DAVID SILVA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.**  19-cv-318 |
| | § | |
| **BOY SCOUTS OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

## INDEX OF PLEADINGS FILED IN STATE COURT

| TAB NO. | DOCUMENT NAME | DATE FILED/ISSUED |
|---|---|---|
| 1 | Plaintiff's Original Petition, Request for Disclosure to Defendant, Interrogatories to Defendant, and Request for Production to Defendant | 09/20/2019 |
| 2 | Citation | 09/25/2019 |
| 3 | Return of Service | 10/10/2019 |
| 4 | Defendant's Original Answer and Defenses to Plaintiff's Original Petition | 10/31/2019 |
| 5 | State Court Docket Sheet | |

Respectfully submitted,

*/s/ Gavin S. Martinson*
Gavin S. Martinson
Texas Bar No. 24060231
gavin.martinson@ogletreedeakins.com
Janet L. Smith
Texas Bar No. 24089755
janet.smith@ogletreedeakins.com

**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas  75225
Telephone:  (214) 987-3800
Facsimile:  (214) 987-3927

**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Western District of Texas, El Paso Division, this 1st day of November, 2019, which will transmit service of same to all counsel of record.

*/s/ Gavin S. Martinson*
Gavin S. Martinson

40296878.1

# TAB
# 1

El Paso County - County Court at Law 3

Filed 9/20/2019 12:43 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3791

DAVID SILVA,

     Plaintiff,

v.

BOY SCOUTS OF AMERICA,

     Defendant.

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE TO DEFENDANT, INTERROGATORIES TO DEFENDANT, and REQUEST FOR PRODUCTION TO DEFENDANT

### Discovery Level

1.    Plaintiff intends to conduct discovery under Texas Rule of Civil Procedure 190.4 - Level 3.

### Parties

2.    David Silva, Plaintiff, is an individual and resident of El Paso County, Texas and Citizen of the State of Texas. Plaintiff is an employee as defined by section 21.002(7) of the Texas Labor Code.

3.    Defendant Boy Scouts of America is corporation that may be served with process by serving its registered agent Stephanie L. Phillips, 1325 W. Walnut Hill Lane, S407, Irving, TX 75038-3008. Defendant is an employer as defined by section 21.002(8) of the Texas Labor Code.

### Exhaustion of Administrative Procedures

4.    Plaintiff timely filed his Charge of Discrimination, a copy is attached as Exhibit 1 and incorporated by reference. There has been the passage of 180 days after the filing of Plaintiff's Charge of Discrimination. Therefore, Plaintiff complied with all necessary administrative prerequisites.

### Jurisdiction and Venue

5.      This suit is brought and jurisdiction lies pursuant to Section 21.254 of the Texas Labor Code. This action properly lies in El Paso County, Texas, as detailed below, the county where the unlawful employment practices occurred, and in which all or a substantial part of the events or omissions giving rise to the claim occurred. See Tex. Civ. Prac. & Rem. Code §15.002. This action is not removable to federal court pursuant to 28 U.S.C. §1445(c)("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). This is not a legal action against Defendant for any exercise of the right of free speech, right to petition, or right of association. This is a legal action for discrimination and retaliation in violation of the Texas Labor Code.

### Facts

6.      Defendant hired Plaintiff in about 2011 as a sales associate.

7.      In about January 2017, Defendant decided to discontinue outsourcing sewing.

8.      Plaintiff attempted to use a sewing machine, but because of his disability, neuropathy in his leg and foot, he could not. Plaintiff informed his store manager that his disability prevented him from using the sewing machine. Plaintiff also mentioned having diabetes. Plaintiff's store manager was not pleased and then started treating Plaintiff differently because Plaintiff informed her of his disability. The store manager reduced Plaintiff's hours. She scrutinized Plaintiff's job performance. She interfered with Plaintiff's job performance. She subjected Plaintiff to a hostile work environment. This continued for the next six months.

9.      Plaintiff suffered a work-related injury on June 14, 2017 and then filed a workers' compensation claim. As a result of the work-related injury, Plaintiff suffered more disabilities, that are also not transitory and minor. Defendant received records of Plaintiff's disability. Plaintiff

2

filed a claim for workers' compensation benefits in good faith, instituted or caused to be instituted a proceeding under the workers' compensation act.

10.     In August 2017, Plaintiff complained to the territorial manager that Plaintiff was being retaliated against by having his hours reduced. The territorial manager's first response was to mention that Plaintiff's hours were reduced because of his misunderstanding that Plaintiff refused to sew. Plaintiff corrected him and let him know that Plaintiff was not refusing to sew, but he was not sewing because of his disability. The store manager had been telling the territory manager that Plaintiff was refusing to sew.

11.     Plaintiff informed the territory manager that Plaintiff had previously informed the store manager that Plaintiff's disability prevented Plaintiff from sewing and she retaliated against Plaintiff and reduced his hours. The territory manager responded with surprise and concern and stated that Plaintiff's disability could not be used against Plaintiff and that the territory manager would look into the matter.

12.     Because Plaintiff was not confident in the territorial manager's reaction and his apparent lack of resolution, towards the end of August 2017 Plaintiff contacted the human resources department to further complain of the discrimination and retaliation. Plaintiff informed the human resources department about Plaintiff being disabled, informing his store manager of his disability, her retaliating against him by reducing his hours and subjecting him to a hostile work environment, interfering with his job performance, and Plaintiff also informed the human resources department about Plaintiff's complaints of the same to the territorial manager. Through these discussions, it was discovered that the store manager was providing Defendant with inaccurate hours that Plaintiff worked.

13.     As a result of Plaintiff's disabilities, records of disabilities, and Defendant regarding

3

Plaintiff as disabled, Defendant subjected Plaintiff to a hostile work environment.

14.     Plaintiff's territorial manager and store manager were angered that Plaintiff reported the discrimination and retaliation to the human resources department.

15.     Plaintiff was then further retaliated against and on September 6, 2017, Plaintiff was issued a write up over an event that occurred three months prior.

16.     In December 2017, Plaintiff informed his store manager that Plaintiff anticipated a surgery for his work-related injury.  Plaintiff also further complained to the territorial manager about the discrimination and retaliation.

17.     On December 13, 2017, Plaintiff was further retaliated against and written up and discharged over an event that did not occur.  Defendant's reasons were not the real reasons fo the adverse employment actions, Defendant's reasons were pretextual.

## Count I.
## Discrimination because of Disability

18.     Plaintiff incorporates all allegations made elsewhere in this petition.

19.     Defendant violated section 21.051 of the Texas Labor Code.  As detailed above, Defendant committed unlawful employment practices because Defendant intentionally discriminated against Plaintiff because of his disability, record of disability, or Defendant regarded Plaintiff as disabled. Defendant refused to accommodate Plaintiff's disability.

## Count II.
## Retaliation

20.     Plaintiff incorporates all allegations made elsewhere in this petition.

21.     Defendant violated 21.055 of the Texas Labor Code.  As detailed above, Defendant committed unlawful employment practices because Defendant intentionally retaliated against and discriminated against Plaintiff because of Plaintiff's opposition to a discriminatory practice, filing

4

of a charge of discrimination, requesting accommodation, filing a complaint, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing.

## Count III.
## Retaliation

22.     Plaintiff incorporates all allegations made elsewhere in this petition.

23.     Defendant violated chapter 451 of the Texas Labor Code. As detailed above, Defendant committed unlawful employment practices because Defendant retaliated against and acted in a discriminatory manner and discharged Plaintiff because he filed his claim in good faith for workers' compensation benefits and/or instituted or caused to be instituted in good faith a workers' compensation proceeding.

## Damages

24.     As a direct and proximate result of Defendant's discrimination and retaliation Plaintiff has been damaged in the form of lost wages and benefits in the past and future and compensatory damages in the past and future, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

## Exemplary Damages

25.     The harm to Plaintiff resulted from Defendant's actual malice. Defendant retaliated against and discharged Plaintiff with actual malice, ill will, spite, evil motive, or purpose to injure Plaintiff. Therefore, Plaintiff seeks exemplary damages against Defendant in an amount to be determined by the jury.

26.     Pursuant to Texas Rule of Civil Procedure 47(c)(1), Plaintiff has been damaged in an amount within the jurisdictional limits of this Court and he states that he seeks monetary relief over $1,000,000 for all the other relief to which Plaintiff deems himself entitled. This statement

5

is made to comply with Texas Rule of Civil Procedure 47 and not for argument to the jury. The monetary relief actually awarded will ultimately be determined by the jury.

## Attorney Fees, Court Costs, and Expert Fees

27.     Pursuant to section 21.259 of the Texas Labor Code, Plaintiff is entitled to attorney fees, costs of court, and expert fees.

## Conditions Precedent

28.     All conditions precedent have been performed or have occurred.

## Jury Demand

29.     Trial by jury is demanded and the applicable fee is paid.

## Prayer

30.     For these reasons, Plaintiff asks that Defendant be cited to appear and answer, and, on final trial, that Plaintiff have judgment against Defendant, for a sum within the jurisdictional limits of this Court, for the following:

a.      general damages;

b.      special damages;

c.      prejudgment interest as provided by law;

d.      postjudgment interest as provided by law;

e.      attorney fees, expert fees, court costs and all costs of suit;

f.      exemplary damages in an amount determined by the jury; and

g.      such other and further relief at law and equity to which Plaintiffs may be justly entitled.

6

## REQUEST FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## INTERROGATORIES TO DEFENDANT

Plaintiff serves these interrogatories on Defendant. Defendant must serve an answer to each interrogatory separately and fully, in writing and under oath, within 30 days after service.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1.     Parties. The term "Plaintiff' or "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.     Person. The term "person" is defined as any natural person, any business, a legal or governmental entity, or an association.

3.     Document. The term "document" means all written, typed, or printed matters, and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

4.     Communication. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5.     Identify (person). When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

6.     Identify (document). When referring to documents, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; and (g) whether the document has been destroyed, and if so, (I) the date of its destruction, (ii) the reason for its destruction, and (iii) the identity of the person who destroyed it.

7.     Relating. The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

8.     All/Each. The terms "all" and "each" should be construed as "and," "each," and "and/or."

8

9.     Any. The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.    And/Or. The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.    "You" or "your" means Defendant, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of you or its successors, predecessors, divisions, and subsidiaries.

12.    Number. The use of the singular form of any word includes the plural and vice versa.

13.    Unless otherwise indicated, the scope of time for responding to these discovery requests is from January 1, 2013 through the present.

14.    These requests do not seek privileged material.

## Interrogatories

1. Identify by name, last known address, telephone number and job title, Plaintiff's immediate supervisor or supervisors and all others with successive authority over the Plaintiff and the Plaintiff's work while employed with Defendant.

Answer:

2. Identify by name, last known address, telephone number and job title all persons responsible for making Defendant's employment decisions at your El Paso, TX facility where Plaintiff worked, regarding hiring, firing, discipline and employment benefits over the last five years.

Answer:

3. Provide Plaintiff's job title and describe his essential job functions and duties.

Answer:

4. Identify, describe and provide the amounts of all pay rates, wages, and employment benefits, e.g., medical insurance, dental insurance, workers' compensation insurance, other insurance, 401K plan benefits, pension benefits, etc., provided to or available to Plaintiff just before he was terminated and during the course of his employment with Defendant. If the value of Plaintiff's benefits can be stated as a percentage of Plaintiff's salary or wages please do so.

Answer:

5. Provide every reason why Plaintiff was laid off, discharged or, otherwise, separated from his employment with Defendant.

Answer:

6. In connection with the immediately preceding Interrogatory, identify by name, last known address, last known telephone number and job title the persons with knowledge of the reasons or circumstances surrounding Defendant's layoff or discharge of Plaintiff or, otherwise, Plaintiff's separation from his employment with Defendant.

Answer:

7. Identify by name, last known address, telephone number and job title the person or persons who made the decision to layoff or discharge Plaintiff or to, otherwise, separate Plaintiff from his employment with Defendant.

Answer:

8. Identify by name, last known address, telephone number and job title, the persons, other than those identified in the immediately preceding Interrogatory, who approved, authorized or ratified the decision to layoff or discharge Plaintiff or to, otherwise, separate Plaintiff from his employment with Defendant.

Answer:

9. Identify and describe the policies and factual bases pursuant to which Plaintiff was laid off, discharged or, otherwise, separated from his employment with Defendant.

Answer:

10. Describe in reasonable detail, Defendant's policies and procedures for investigating an employee's claim of work place discrimination including but not limited to those on account of disability and/or retaliation.

Answer:

11. Describe and identify any training, including by way of courses, classes or other mediums, whether formal or informal, which Defendant's agents and employees have been provided on the subject of work place discrimination, including but not limited to those on account of disability and/or retaliation.

Answer:

12. Identify by name, address, telephone number and job title, Defendant's agents or employees

10

at your El Paso, TX facility where Plaintiff worked who had received any of the training described in the immediately preceding Interrogatory regarding discrimination in the work place, including but not limited to those on account of discrimination and/or retaliation.

Answer:

13. Identify by name, last known home address, and home telephone number, the person who replaced Plaintiff.

Answer:

14. Identify the person or persons answering these Interrogatories or who contributed information used in answering these Interrogatories. If more than one person provided the answers or information, please identify the specific Interrogatories answered by each person.

Answer:

15. Identify all persons, including third party entities, who have been designated by you or by virtue of their position to receive and address complaints of discrimination and/or retaliation by your employees and former employees at your El Paso, TX facility where Plaintiff worked.

Answer:

16. Identify all persons who investigated the discrimination, hostile work environment, and/or retaliation allegations of Plaintiff.

Answer:

17. Identify by name, last known address, telephone number and job title, all persons who complained about Plaintiff, including about his job performance.

Answer:

## REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff serves this first set of requests for production on Defendant pursuant to Texas Rule

of Civil Procedure 196. The documents must be produced within 30 days of service of this request,

at the law office of Brett Duke, P.C., 707 Myrtle, El Paso, Texas 79901.

### INSTRUCTIONS

1.      Answer each request for production separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.      For each document or other requested information that defendants assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.

3.      For each document defendants claim is not discoverable, state the information required by the definition of "document" below, and in addition state the following: (a) the author's job title and address; (b) the recipient's job title and address; (c) the name and job title of all persons to whom it was circulated or who saw it; (d) the name, job title, and address of the person now in possession of the document; and (e) the document's present location.

4.      For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and state the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

### DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1.      Parties. The term "Plaintiff or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.      "You" or "your" means defendant, including any successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of defendant, or any successors, predecessors, divisions, and subsidiaries.

3.      Person. The term "person" is defined as any natural person, any business, a legal or

12

governmental entity, or an association.

4. Document. The term "document" means all written, typed, or printed matters, and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

5. Communication. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

6. Identify (person). When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

7. Identify (document). When referring to documents, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; and (g) whether the document has been destroyed, and if so, (i) the date of its destruction, (ii) the reason for its destruction, and (iii) the identity of the person who destroyed it.

8. Relating. The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

9. All/Each. The terms "all" and "each" should be construed as "and," "each," and "and/or."

10. Any. The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. And/Or. The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. Number. The use of the singular form of any word includes the plural and vice versa.

13. Scope of Requests. Unless otherwise indicated, the scope of these requests are limited to the past five years.

14. These requests do not seek the production of privileged documents.

13

## Request for Production

1. Provide Plaintiff's complete personnel file, including employee evaluations and any worker's compensation, medical, disciplinary and all other file subparts. For purposes of this request, "personnel file" is defined as any documents or information in your possession which relate to Plaintiff's employment with you, regardless of whether such information is maintained in different locations, files or folders.

Response:

2. Provide all documentation, whether written or electronic, showing Plaintiff's payroll history, payroll, or pay and the amount or value of Plaintiff's employment benefits, e.g. medical insurance, dental insurance, worker's compensation insurance, 401K benefits, etc., for the duration of all employment periods with Defendant, including but not limited to the COBRA letter, if any, sent to Plaintiff.

Response:

3. Provide any and all documentation including videos, manuals, notebooks, pamphlets and posters, provided to or shown to Plaintiff at the time of hiring or during the course of his employment with Defendant relating to discrimination in the work place and or investigations thereof including but not limited to those on account of disability and/or retaliation.

Response:

4. Provide any and all of Defendant's Employee Manuals or Employee Policy Manuals and all documents including internal company memoranda and e-mails evidencing the policies which Defendant applies to its El Paso, TX facility employees.

Response:

5. Provide a copy of Defendant's policies and procedures relating to any actions taken or to be taken by Defendant in response to a claim of discrimination and/or retaliation by an employee, including, Defendant's policies or procedures for investigating such claims of discrimination, including but not limited to those on account of disability and/or retaliation.

Response:

6. Provide all company or internal memoranda including e-mails by or between Defendant's agents and employees, except those documents covered by the attorney-client privilege, on the subject of Plaintiff.

Response:

7. Provide all company or internal memoranda including e-mails by or between Defendant's

14

agents and employees, except those documents covered by the attorney-client privilege, on the subject of the investigation into Plaintiff's claims of discrimination, hostile work environment, and retaliation.

Response:

8.   Provide all documentation including videos, manuals, notebooks, pamphlets, posters and "company" or internal memoranda and e-mails given to or shown to Defendant's El Paso, TX employees regarding disability discrimination, hostile work environment, and/or retaliation.

Response:

9.   If Defendant's El Paso, TX employees or agents have received any training via courses or classes regarding discrimination, hostile work environment, and/or retaliation, provide all documentation showing attendance in such courses or classes and all class or course material including videos, manuals, notebooks, pamphlets and posters received during such training.

Response:

10.  Provide all documents, including company or internal memoranda and e-mails by or between Defendant's agents or employees, except those documents privileged under the attorney-client privilege, regarding Plaintiff's hiring, benefits, sought promotions, and regarding every disciplinary action taken against Plaintiff.

Response:

11.  Provide all documentation evidencing or showing disciplinary actions, if any, against the person or persons identified in Interrogatories Nos. 7 and 8, on account of any action taken by Defendant regarding Plaintiff.

Response:

12.  Provide a copy of any and all documents signed or adopted by Plaintiff regarding his employment with Defendant.

Response:

13.  Provide a copy of all documents describing Plaintiff's job duties or essential job functions including for any position Plaintiff worked for Defendant.

Response:

14.  Provide a copy of all documentation constituting or memorializing all communications, whether oral, written or electronic, including correspondence, reports, notes, memoranda, faxes, or e-mails between Defendant's employees and any investigator relating to Plaintiff's employment,

15

taxes, benefits, and/or report of discrimination, hostile work environment, and/or retaliation.

Response:

15.    Provide a copy of all documentation constituting, concerning or memorializing all communications, whether oral, written or electronic, including correspondence, reports, notes, memoranda, faxes, or e-mail between Defendant's employees and any state governmental agency, including the Texas Workforce Commission, relating to Plaintiff, Plaintiff's employment, taxes, benefits, and/or allegations of discrimination, hostile work environment, and/or retaliation.

Response:

16.  Provide a copy of all documentation, concerning or memorializing all communications, whether oral, written or electronic, including correspondence, reports, notes, memoranda, faxes, or e-mail between Defendant's employees and any federal governmental agency, including the Equal Employment Opportunity Commission, relating to Plaintiff's employment, taxes, benefits, and or allegations of discrimination, hostile work environment, and/or retaliation.

Response:

17.  Produce all working papers, notes, calculations, diagrams, photographs, models, exhibits, and other documents, including reports and factual observations, prepared or reviewed by any expert who will testify at trial.

Response:

18.  Produce copies of all transcripts of testimony previously provided by any individual listed by Defendant as an expert witness.

Response:

19.  Produce all treatises, rules, regulations, guidelines, statutes, policies, procedures, and any other authoritative materials considered in forming an opinion by any expert who will testify at trial.

Response:

20.  Produce all invoices, bills, and other billing materials for each expert expected to testify at trial.

Response:

21.  Produce all photographs, videotapes, depictions, and drawings that depict or pertain in any way to the subject matter of this suit, including but not limited to, allegations you discriminated against Plaintiff, subjected him to a hostile work environment, and/or retaliated against him.

16

Response:

22.  Produce copies of all complaints and lawsuits in any action filed against you in which the allegations are similar to those of this suit, including, but not limited to, allegations you discriminated against employees on the basis of disability, subjected them to a hostile work environment, and/or you retaliated against them.

Response:

23.  Produce copies of all claims and complaints made against you for damages similar to those alleged in this suit, including, but not limited to, allegations you discriminated against employees on the basis of disability, subjected them to a hostile work environment, and/or you retaliated against them.

Response:

24.  Produce all statements made by you or your representatives relating the subject matter of this suit, including, but not limited to, allegations you discriminated against Plaintiff on the basis of disability, you subjected Plaintiff to a hostile work environment, and/or you retaliated against Plaintiff.

Response:

25.  Produce all statements made by Plaintiff or his representatives relating the subject matter of this suit.

Response:

26.  Produce all statements made by any person or their representatives relating the subject matter of this suit, including, but not limited to, allegations you discriminated against employees on the basis of discrimination, you subjected employees to a hostile work environment, and/or you retaliated against employees.

Response:

27.  Produce all statements made by any person having knowledge of facts relating this suit, including, but not limited to, allegations you discriminated against Plaintiff on the basis of discrimination, you subjected Plaintiff to a hostile work environment, and/or you retaliated against Plaintiff.  If you claim that any statement in your possession is privileged or in some manner exempt from discovery, state the date on which it was taken, from whom it was taken, by whom it was taken, and the basis of your claim that it is privileged or exempt from discovery.

Response:

28.  Produce all documents that contain impeachment or rebuttal evidence.

17

Response:

29.  If you contend that Plaintiff has not performed all conditions precedent to file this suit or that all conditions precedent necessary for filing this suit did not occur, produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding this contention.

Response:

30.  Produce any and all communications and documents sent to or received from, or exchanged by and between you and Plaintiff regarding his employment with you.

Response:

31.  Produce any and all non-privileged communications and documents sent to or received from, or exchanged by and between you and any other person regarding Plaintiff and his employment with you.

Response:

32.  Produce any and all non-privileged communications and documents sent to or received from, or exchanged by and between you and any other person concerning the subject matter of this suit, including, but not limited to, allegations you discriminated against employees on the basis of disability, subjected employees to a hostile work environment, and/or you retaliated against employees.

Response:

33.  If you have entered into a settlement agreement with any party or nonparty to this lawsuit, produce that settlement agreement.

Response:

34.  Produce any and all insurance policies that you may call upon to respond to any potential judgment against you in this lawsuit.

Response:

35.  Produce any and all contractual indemnity agreements you may call upon to respond to any potential judgment against you in this lawsuit.

Response:

36.   Produce all documents evidencing, referring to, relating to, concerning, referencing,

18

mentioning, describing, or regarding complaints by any persons about Plaintiff, including his performance of his jobs.

Response:

37.    Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding all meetings with Plaintiff regarding his job performance, includes the notes.

Response:

38.    Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding the reasons why you hired Plaintiff.

Response:

39.  Produce all investigations, reports, or audits of your employment practices.

Response:

40.  If you contend that Plaintiff was not qualified to perform the duties of the job, produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or regarding such contention.

Response:

41.  This request is not seeking privileged material.  Produce all billing statements indicating the number of hours that your attorneys have generated for work done regarding this lawsuit. Descriptions of work performed may be redacted from the documents produced.

Response:

42.    Produce all documents evidencing, referring to, relating to, concerning, referencing, mentioning, describing, or supporting any of your affirmative defenses, if any.

Response:

19

Respectfully submitted,

LAW FIRM OF DANIELA LABINOTI, P.C.
707 Myrtle
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605 (facsimile)
Daniela@LabinotiLaw.com

*/s/ Daniela Labinoti*
DANIELA LABINOTI
Texas Bar No. 24050900
New Mexico State Bar No. 27422

BRETT DUKE, P.C.
707 Myrtle
El Paso, Texas 79901
(915) 875-0003
(915) 875-0004 (facsimile)
brettduke@brettduke.com

*/s/ Brett Duke*
Brett Duke
Texas Bar No. 24012599
New Mexico Bar No. 14633

20

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 45) - 2018 - 00429 |

**Texas Workforce Commission Civil Rights Division**
_State or local Agency, if any_ and EEOC

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| David Silva | 915-412-4906 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 910 Sunfire, Apt. 352, El Paso, Texas 79928 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Boy Scouts of America | 500+ | 972-580-2000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1325 W. Walnut Hill Lane, S407, Irving, TX 75038-3008 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Jan. 2017      Latest: Dec. 13, 2017

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Statement of Harm: Respondent hired me about six years ago as a Sales Associate.

In about January 2017, Respondent decided to discontinue outsourcing sewing.

I attempted to use the sewing machine, but because of my disability, neuropathy in my leg and foot, I could not. I informed my store manager that my disability prevented me from using the sewing machine. I also mentioned having diabetes. She was not pleased and then started treating me differently because I informed her of my disability. She reduced my hours. She scrutinized my job performance. She interfered with my job performance. She subjected me to a hostile work environment. This continued for the next six months.

In June 2017, I suffered a work-related injury and then filed a workers' compensation claim.

In August 2017, I complained to the Territorial Manager that I was being retaliated against by having my hours reduced. His first response was to mention that my hours were reduced because of his misunderstanding that I refused to sew. I corrected him and let him know that I was not refusing to sew, but I was not sewing because of my disability. The Store Manager had been telling him that I was refusing to sew.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 12-20-17                          _signature_ Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME (month, day, year) December 20, 2 |

MARIA A. MUÑOZ
Notary Public, State of Texas
Comm. Expires 08-20-2021
Notary ID 125388686

Ex. 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☐ EEOC | 453-2018-00429 |

| **Texas Workforce Commission Civil Rights Division** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet)*

I informed him that I had previously informed the Store Manager that my disability prevented me from sewing and she retaliated against me and reduced my hours. He responded with surprise and concern and stated that my disability could not be used against me and he would look into the matter.

Because I was not confident in the Territorial Manager's reaction and his apparent lack of resolution, towards the end of August 2017 I contacted the human resources department to further complain of the discrimination and retaliation. I informed the human resources department about me being disabled, informing my Store Manager of my disability, her retaliating against me by reducing my hours and subjecting me to a hostile work environment, interfering with my job performance, and I also informed the human resources department about my complaints of the same to the Territorial Manager. Through these discussions, it was discovered that the Store Manager was providing Respondent with inaccurate hours that I worked.

My Territorial Manager and Store Manager were angered that I reported the discrimination and retaliation to the human resources department.

I was then further retaliated against and on September 6, 2017, I was issued a write up over an event that occurred three months prior.

In December 2017, I informed my Store Manager that I anticipated a surgery for my work-related injury. I also further complained to the Territorial Manager about the discrimination and retaliation.

On December 13, 2017, I was further retaliated against and written up and discharged over an event that did not occur.

I believe that I have been discriminated against and retaliated against because of my disability, my record of my disability, or because I was regarded as having a disability, and my opposition to unlawful discrimination and retaliation, in violation of the Texas Labor Code and the Americans with Disabilities Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12-20-17 _____ *Date*    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)*<br>December 20 |

MARIA A. MUNOZ
Notary Public, State of Texas
Comm. Expires 08-20-2021
Notary ID 125388686

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.    FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (11/09).

2.    AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.    PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.    ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.    WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**TAB
2**

# THE STATE OF TEXAS

*FILED*
*NORMA FAVELA BARCELEAU*

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

*2019 SEP 25*
*EL PASO COUNTY, TEXAS*

TO:  **Boy Scouts of America**, who may be served with process, STEPHANIE D. PHILLIPS, 1325 W WALNUT HILL LANE, S407 IRVING, TX  75038-3008

*BY _____ DEPUTY*

Greetings:

You are hereby commanded to appear by filing a written answer to **THE PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE TO DEFENDANT, INTERROGATORIES TO DEFENDANT, AND REQUEST FOR PRODUCITON TO DEFENDANT** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on 09/20/2019, by Attorney at Law BRETT DUKE, 4157 RIO BRAVO, EL PASO, TX  79902 in this case numbered **2019DCV3791** on the docket of said court, and styled:

David Silva
Vs.
Boy Scouts of America

The nature of Plaintiff's demand is fully shown by a true and correct copy of  **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE TO DEFENDANT, INTERROGATORIES TO DEFENDANT, AND REQUEST FOR PRODUCITON TO DEFENDANT** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 25th day of September, 2019

Attest:  NORMA FAVELA BARCELEAU, District Clerk, and El Paso County, Texas.

|  |  |
|---|---|
| CLERK OF THE COURT<br>**NORMA FAVELA BARCELEAU**<br>District Clerk<br>El Paso County Courthouse<br>500 E. San Antonio Ave, RM 103<br>El Paso Texas, 79901 | CERTIFICATE OF DELIVERY BY MAIL<br>I hereby certify that on the _____ day of<br>_____ at _____ I mailed to |

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

_____ defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of THE **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE TO DEFENDANT, INTERROGATORIES TO DEFENDANT, AND REQUEST FOR PRODUCITON TO DEFENDANT** attached thereto.

_____

| | |
|---|---|
| _____ | _____ |
| *NAME OF PREPARER          TITLE | TITLE |
| _____ | |
| ADDRESS | By _____, Deputy |
| _____ | Ashley Nunez |
| City            State          Zip | |

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

       The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

       This forwarding address was provided:_____


El Paso County, Texas

By:_____

           Deputy District Clerk

OR

_____

Name of Authorized Person

By:_____


**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

       Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

Of _____, _____.


_____

Notary Public, State of _____

My commission expires:_____

**TAB
3**

**RETURN OF SERVICE**

Delivery was completed on _____10/08/2019_____, delivered to _1325 Walnut Hill Lane_
_5407 Fruiry, TX 75038-3008_____ as evidence by Domestic Return Receipt PS Form 3811
attached hereto. _7019 1120 0001 0775 9945_

The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

This forwarding address was provided:_____

FILED
NORMA FAVELA BARCELEAU
DISTRICT CLERK
2019 OCT 10   AM 11: 56
EL PASO COUNTY, TEXAS
BY _____ DEPUTY

El Paso County, Texas

By:_____
Deputy District Clerk

OR

_Richard Dryden_
Name of Authorized Person

By_Richard Dryden_
PSC 15842
Exp 11/30/2020

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas
County of El Paso

Before me, a notary public, on this day personally appeared _Richard Dryden_, known to me to be the person
whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am
disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and
correct."

Subscribed and sworn to be on this _10th_ day
Of _October_, _2019_.

_Cynthia Hernandez 13_
Notary Public, State of _Texas_
My commission expires: _10/5/2020_

CYNTHIA A. HERNANDEZ
Notary Public, State of Texas
Comm. Expires 10-05-2020
Notary ID 130850621

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **Boy Scouts of America**, who may be served with process, STEPHANIE L PHILLIPS, 1325 W WALNUT HILL LANE, S407 IRVING, TX 75038-3008

Greetings:

You are hereby commanded to appear by filing a written answer to **THE PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE TO DEFENDANT, INTERROGATORIES TO DEFENDANT, AND REQUEST FOR PRODUCITON TO DEFENDANT** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on 09/20/2019, by Attorney at Law BRETT DUKE, 4157 RIO BRAVO, EL PASO, TX 79902 in this case numbered **2019DCV3791** on the docket of said court, and styled:

David Silva
Vs.
Boy Scouts of America

The nature of Plaintiff's demand is fully shown by a true and correct copy of **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE TO DEFENDANT, INTERROGATORIES TO DEFENDANT, AND REQUEST FOR PRODUCITON TO DEFENDANT** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, this on this the 25th day of September, 2019

Attest: NORMA FAVELA BARCELEAU, District Clerk, and El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL
hereby certify that on the _____ day of _____ at _____ I mailed to

_____

defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of THE **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE TO DEFENDANT, INTERROGATORIES TO DEFENDANT, AND REQUEST FOR PRODUCITON TO DEFENDANT** attached thereto.

| *NAME OF PREPARER | | TITLE |
|---|---|---|
| ADDRESS | | |
| City | State | Zip |

TITLE

By _____, Deputy
Ashley Nunez

**UNITED STATES**
**POSTAL SERVICE**

October 10, 2019

Dear r DRYDEN:

The following is in response to your request for proof of delivery on your item with the tracking number:
**7019 1120 0001 0775 9945**.

| Item Details | |
|---|---|
| **Status:** | Delivered |
| **Status Date / Time:** | October 8, 2019, 12:23 pm |
| **Location:** | IRVING, TX 75038 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

| Shipment Details | |
|---|---|
| **Weight:** | 5.0oz |

| Recipient Signature | |
|---|---|
| **Signature of Recipient:** |  |
| **Address of Recipient:** | |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

**TAB**
**4**

## CAUSE NO. 2019-DCV-3791

| | | |
|---|---|---|
| **DAVID SILVA** | § | **IN THE COUNTY COURT AT LAW** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. 3** |
| | § | |
| **BOY SCOUTS OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | **EL PASO COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant Boy Scouts of America ("Defendant") files this Original Answer and Defenses to the Original Petition filed by Plaintiff David Silva ("Plaintiff"), as follows:

### I.    GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally and specifically denies each and every allegation contained in Plaintiff's Original Petition and any amendment or supplement thereto, and demands strict proof thereof. With respect to any claim by Plaintiff for punitive damages, Defendant demands strict proof thereof by clear and convincing evidence.

### II.    DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant asserts the following defenses, including affirmative defenses, as follows:

1.    Plaintiff's damages, if any, are barred in whole or in part by the doctrines of estoppel, unclean hands, and/or after-acquired evidence.

2.    Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize the alleged damages and is therefore barred, in whole or in part, from the recovery of damages.

---

3.      Defendant is entitled to an offset for any earnings since Plaintiff's employment ended, including payments received from insurance carriers, workers' compensation benefits, or unemployment compensation benefits.

4.      Plaintiff's claims for compensatory and punitive/exemplary damages are capped or limited by applicable law, including Chapter 41 of the Texas Civil Practice and Remedies Code and common law.

5.      All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, and non-retaliatory reasons.

6.      Plaintiff's claims for exemplary damages are barred because the alleged acts or omissions of Defendant, even if proven, do not rise to a level required to sustain an award of exemplary damages and do not evidence malicious, reckless or fraudulent intent to deny Plaintiff's protected rights, and are not so wanton and willful as to support an award of exemplary damages.

7.      Plaintiff's claims for exemplary damages are barred to the extent that the imposition of exemplary damages would constitute a denial of due process under the United States Constitution and the Constitution of the State of Texas.

8.      Defendant engaged in good faith efforts to comply with all applicable laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, Plaintiff fails to state a claim for punitive or exemplary damages.

9.      With respect to some or all of Plaintiff's claims, the Petition fails to state a claim upon which relief may be granted.

10.     At all times during Plaintiff's employment, Plaintiff was employed at-will and could be discharged with or without notice and with or without cause. There were no contracts or agreements that altered Plaintiff's at-will employment status.

11.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

12.     Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope or are inconsistent with any charge(s) of discrimination Plaintiff filed with the EEOC or TWC.

13.     As a result of Plaintiff's unreasonable delay in asserting Plaintiff's rights, Defendant has suffered a good faith change of position to Defendant's detriment. Therefore, whatever right Plaintiff might otherwise have had to bring a timely action against Defendant is barred by laches.

14.     Plaintiff was not a qualified individual with a disability within the meaning of the Americans with Disabilities Act (ADA) or the Texas Labor Code during the relevant time period.

15.     Plaintiff's Petition fails to state a cause of action upon which relief may be granted because Plaintiff failed to notify Defendant of the existence of a disability as that term is defined in the ADA or Texas Labor Code.

16.     Plaintiff did not engage in the requisite protected conduct necessary to establish a retaliation claim.

17.     If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff (which Defendant denies), they were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

18.     Plaintiff's claims fail because Defendant exercised reasonable care to prevent and remediate promptly any unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

19.     Defendant did not have actual or constructive knowledge of some or all of the alleged discriminatory, harassing, and retaliatory acts alleged in Plaintiff's Complaint at any time material to Plaintiff's Complaint, and Defendant cannot be said to have failed to implement prompt and corrective action.

20.     Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

21.     Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same action in the absence of any alleged impermissible motivating factor(s).

22.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

23.     Defendant specifically reserves the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as the need for such defenses becomes known.

### III.     PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully requests that this Court dismiss Plaintiff's Original Petition with prejudice and that Defendant be awarded Defendant's costs, attorneys' fees, and any other relief to which Defendant may be entitled.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ *Gavin S. Martinson*
Gavin S. Martinson
Texas Bar No. 24060231
gavin.martinson@ogletreedeakins.com
Janet L. Smith
Texas Bar No. 24089755
janet.smith@ogletreedeakins.com
8117 Preston Road
Suite 500
Dallas, TX 75225
Telephone: (214) 987-3800
Fax: (214) 987-3927

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true copy of this paper has been forwarded by a method prescribed by the Texas Rules of Civil Procedure, on this 31st day of October, 2019, to all counsel of record.

/s/ *Gavin S. Martinson*
Gavin S. Martinson

40390669.1

---

**TAB
5**

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2019DCV3791

| David Silva vs. Boy Scouts of America | § | | Case Type: | **Wrongful Termination** |
|---|---|---|---|---|
| | § | | Date Filed: | **09/20/2019** |
| | § | | Location: | **County Court at Law 3** |
| | § | | | |
| | § | | | |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **Boy Scouts of America** | |
| | | |
| **Plaintiff** | **Silva, David** | **BRETT DUKE** |
| | | *Retained* |
| | | 915-875-0003(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 09/20/2019 | **Original Petition (OCA)** | **Doc ID# 1** | |
| 09/20/2019 | **E-File Event Original Filing** | | |
| 09/25/2019 | **Citation** | | |
| | Boy Scouts of America | Served | 10/08/2019 |
| | | Returned | 10/10/2019 |
| 10/31/2019 | **Answer** | **Doc ID# 2** | |